[No. 13896-1-I.   Division One.   November 26, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. LARRY SOLOMON EAVES, *Appellant.*

*Raymond H. Thoenig* and *Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michael Schwartz, Deputy,* for respondent.

RINGOLD, J.—Larry Eaves appeals the judgment and sentence imposed after a jury verdict finding him guilty of first degree rape and second degree robbery. The sole issue concerns whether Eaves' speedy trial rights were violated by a 3–day extension granted pursuant to CrR 3.3(d)(8).[1]

---

[1]CrR 3.3(d)(8):

*"Five–Day Extensions.* When a trial is not begun on the date set because of unavoidable or unforeseen circumstances beyond the control of the court or the parties, the court, even if the time for trial has expired, may extend the time within which trial must be held for no more than 5 days exclusive of Saturdays, Sundays, or holidays unless the defendant will be substantially prejudiced in his or her defense. The court must state on the record or in writing the reasons for the extension. If the nature of the unforeseen or unavoidable circumstance continues, the court may extend the time for trial in increments of not to exceed 5 days exclusive of Saturdays, Sundays or holidays unless the defendant will be substantially prejudiced in his or her defense. The court must state on the record or in writing the reasons for the extension."

We hold that the trial court properly exercised its discretion in granting the continuance and affirm.

Larry Eaves and Carol Kosmach were jointly charged with one count of rape in the first degree and one count of robbery in the second degree. Eaves was arraigned on June 2, 1983 and trial was scheduled for July 29, 1983, 57 days later. Eaves was in custody awaiting trial, while Kosmach had been released on bail. August 1, 1983 was the deadline for Eaves to be brought to trial under CrR 3.3 without an extension. Kosmach had an additional 30 days because she was not in custody.

On Friday, July 29, 1983, both Eaves and the State were ready for trial. Kosmach's attorney, Rufus McKee, however, represented another client scheduled for trial that day, and Eaves' case was continued until Monday, August 1. McKee assured the State's attorney that his other case would be resolved through plea bargaining by Monday. The State consequently did not inform the court until August 1 that under the local practice, Eaves' case should have had priority over McKee's other case. McKee was unavailable on Monday, August 1, because his other case had gone to trial. Eaves' counsel suggested to the court that joinder was not mandatory and requested that his client be brought to trial forthwith, in conformity with the 60–day rule, thus essentially requesting severance. The trial court found that the unavailability of Kosmach's counsel was an unforeseeable or unavoidable delay and that a continuance would not prejudice Eaves' defense. The court then ordered a continuance to August 4, 1984.

Late on Thursday, August 4, Eaves' case was assigned out for trial. The following morning McKee advised the court and counsel that Ms. Walton, an attorney in his office who had been involved in the case for a number of weeks, would be substituted as counsel for Kosmach. After the substitution of counsel, Eaves renewed his objection to the continuance and moved to dismiss the action under CrR 3.3. Following argument by counsel, the trial court decided not to question the reasoning of the presiding judge who

ordered the continuance and denied Eaves' motion. On Monday, August 8, 1983, before jury selection was to begin, Kosmach entered a guilty plea to the robbery charge and the rape charge was dismissed. The trial went forward on August 9 with Eaves as the sole defendant.

Eaves argues that it was error to grant the 3–day continuance because the presiding judge could have severed the case or sought other counsel from McKee's office to proceed to trial on Kosmach's behalf.[2]

We first consider whether the presiding judge abused his discretion by failing to sever the codefendant's trial from that of Eaves. "[T]he granting or denial of a motion for separate trials of jointly charged defendants is entrusted to the sound discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion." *State v. Grisby,* 97 Wn.2d 493, 507, 647 P.2d 6 (1982), *cert. denied,* 459 U.S. 1211 (1983).

Severance of codefendants' trials is governed by CrR 4.4(c), which states in part:

> (2) The court, on application of the prosecuting attorney, or on application of the defendant other than under subsection (i), should grant a severance of defendants whenever:
> (i) if before trial, it is deemed necessary to protect a defendant's rights to a speedy trial, or it is deemed appropriate to promote a fair determination of the guilt or innocence of a defendant; . . .

While the trial court *should* sever to protect a defendant's right to a speedy trial, severance is mandatory only under CrR 4.4(c)(1), which protects a defendant from incriminating out–of–court statements by a codefendant. *See Grisby,* at 507.

The federal courts have been presented with facts similar to the case at bench. *United States v. Jones,* 712 F.2d 1316

---

[2]The only continuance that concerns this court is that from August 1, 1983, until August 4, 1983. The continuance from Friday, July 29, 1983, until August 1, 1983, was prior to the expiration of the 60–day speedy trial period. The trial began on August 4 when the case was assigned out to the trial judge. *State v. Mathews,* 38 Wn. App. 180, 685 P.2d 605 (1984).

20

(9th Cir.), *cert. denied*, 104 S. Ct. 434 (1983). In *Jones* a codefendant's counsel was unavailable for trial and a continuance was necessary to preserve continuity of counsel. The district court granted a continuance and refused to sever the trial of the codefendants even though that would extend the trial beyond the speedy trial period of one of the defendants. *Jones*, at 1322–23. The Ninth Circuit Court of Appeals affirmed the lower court's decision to grant a continuance rather than a severance.

Eaves' basic argument for severance on August 1, 1983, was that there would "be a motion for severance on *Bruton* [*v. United States*] grounds [391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (1968)] . . ."[3] The prosecutor responded that there would not be a severance on *Bruton* grounds because "if it comes down to maintaining joinder versus using a statement by Ms. Kosmach, I will not use the statement." Nor was any representation made to the State or the court that other counsel could be substituted for Kosmach's attorney.

It appears from the record made before the trial court on August 5, 1983, that the State objected to severance on two grounds: (1) it would impose upon the 17–year–old rape victim the necessity of enduring two trials rather than one; and (2) all the evidence and witnesses against Kosmach and Eaves was the same.

The federal statute interpreted in *Jones* is similar to our state rule. While *Jones* is not controlling, the court's reasoning is persuasive. *State v. Gore*, 101 Wn.2d 481, 681 P.2d 227 (1984). Faced with the choices presented, the presiding judge properly exercised his discretion in denying the severance.

█ The presiding judge also had to decide whether McKee's unavailability was unforeseen and unavoidable. No one expected McKee's other case would go to trial, and it was not totally within his control to prevent it.

It follows that the delay was the result of unforeseen and

---

[3]Severance is mandatory on this ground pursuant to CrR 4.4(c)(1).

unavoidable circumstances beyond the control of the court, of the State, or Eaves. The court properly exercised its discretion in applying CrR 3.3(d)(8) to grant the 3–day extension.

The judgment and sentence is affirmed.

CALLOW and COLEMAN, JJ., concur.