44 P.3d 903 (2002)
111 Wash.App. 323
STATE of Washington, Respondent,
v.
Rosalio TORRES Jr., Appellant.
No. 19668-2-III.
Court of Appeals of Washington, Division 3, Panel Eight.
April 23, 2002.
*904 James E. Egan, Kennewick, for Appellant.
Andrew K. Miller, Scott W. Johnson, Prosecuting Attorney's Office, Kennewick, for Respondent.

OPINION PUBLISHED IN PART
SWEENEY, J.
This is a prosecution for first degree assault. Rosalio Torres Jr. assigns error to the court's refusal to dismiss the case because the court failed to set his trial within the requirements of the speedy trial rule, CrR 3.3. The court continued the trial to accommodate scheduled polygraph training of the State's witness. However, the record is inadequate for us to pass upon the propriety of that ruling. Mr. Torres, through his attorney, stipulated, however, to the consolidation of this case with a companion prosecution, and that is a tenable ground for continuing the trial. Mr. Torres also challenges the sufficiency of the evidence supporting the inclusion in his offender score of a prior Utah juvenile conviction. We agree that the documents presented do not meet the minimum requirements for proving a prior conviction. We therefore affirm the conviction, vacate the sentence, and remand for resentencing.

FACTS
Rosalio Torres Jr. was charged with first degree assault. His brother, Jesus Torres, faced a lesser charge arising out of the same *905 incident. Mr. Torres[1] was arraigned on April 28, 2000. The last day for a speedy trial was June 28. Appointed counsel, Arthur J. Bieker, informed the court that he would be out of town for the two weeks between June 12 and June 26. Trial was set for June 26.
On June 9, both brothers' defense counsel assented to the State's proposed motion to consolidate the two prosecutions for trial. Specifically, Mr. Bieker told the court: "We think we're in a position where we want them tried together." Report of Proceedings (RP) (June 9, 2000) at 2. The trials were not consolidated at this time.
Sometime during the following week, the State moved for continuance of Jesus's trial date, because its investigator was scheduled for polygraph training on June 26. The court continued the trial until July 10. July 10 is beyond Rosalio's 60 day period.
On June 23, the State moved to continue Rosalio's trial and to consolidate it with Jesus's. The State explained about the investigating officer's training, and the fact that another court had already found this to be good cause in Jesus's case. Mr. Bieker argued in favor of the continuance:
Your Honor, it's my position as counsel that we can't go forward except with the other co-defendant.... My client has been of a mind to resist any continuances beyond the already-scheduled speedy trial date. But the Court has found good cause in the other matter. And tactically we need the brother in our defense.
RP (June 23, 2000) at 4. The court ruled that the motion to consolidate was reason enough, absent prejudice, to continue Rosalio's trial. The court also found good cause "due to the absence [of] the officer on the given trial date." RP (June 23, 2000) at 5. The court continued Rosalio's trial until July 10 (the week of July 3 was a non-trial week).
Mr. Torres objected: "What about my speedy trial right? Ain't I supposed to be charged and convicted within 60 days?" RP (June 23, 2000) at 5. Mr. Torres told the court that Mr. Bieker had not communicated with him during the previous 60 days, that he did not consent to consolidation, and that he did not want his current lawyer to represent him any more.
The court instructed Mr. Bieker and Mr. Torres to get together and talk things over. Then, if Mr. Torres still wanted a separate trial or to change counsel, the court would hear a motion at the final pretrial scheduled for June 28.
The June 28 hearing was postponed to July 7. The record contains a June 28 filing by Mr. Torres in the form of a pro se motion to dismiss. In it, Mr. Torres tells the court that he and Mr. Bieker met and decided to continue the representation. Mr. Torres never moved to sever.
On July 7, Mr. Torres attempted to renew his speedy trial motion. A different judge declined to hear it, because two previous courts had ruled on the good cause question. Both defendants agreed to try the case on stipulated facts on July 10.
On July 10, Mr. Torres changed his mind about trying the case on stipulated facts. But counsel were unprepared for a full trial because they were expecting a trial on stipulated facts. The court nevertheless ordered the jury trial to proceed the next day.
Mr. Torres was convicted of first degree assault with a deadly weapon.
The court included in his offender score a juvenile conviction for attempted murder in Utah in 1989. With the deadly weapon enhancement, the standard range was 144 to 184 months. The court sentenced Mr. Torres to 184 months.

I. SPEEDY TRIALDELAY TO ACCOMMODATE A POLICE WITNESS'S TRAINING SCHEDULE
Unavailability of a material prosecution witness is grounds to delay the trial for a reasonable time. State v. Day, 51 Wash. App. 544, 549, 754 P.2d 1021 (1988).
*906 Mr. Torres argues that the court made no inquiry whatsoever on the record, and entered no written findings before granting the continuance. He contends that the State should have been required to show that the training was out of the ordinary, that it was essential, and it could not be rescheduled. The State responds that the court did not abuse its discretion in granting a continuance for officer training. Both CrR 3.3(d)(8) and CrR 3.3(h)(2) permit a continuance unless the defendant is substantially prejudiced.
STANDARD OF REVIEW
The decision to grant a continuance under CrR 3.3 rests in the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. State v. Kokot, 42 Wash.App. 733, 735, 713 P.2d 1121 (1986). The defendant must show that the court abused its discretion and that he was prejudiced. Discretion is abused if it is exercised on untenable grounds or for untenable reasons. State v. Melton, 63 Wash.App. 63, 66, 817 P.2d 413 (1991).
SPEEDY TRIAL
The constitutional right to a speedy trial does not mandate trial within 60 days. State v. White, 94 Wash.2d 498, 501, 617 P.2d 998 (1980) (citing State v. Mack, 89 Wash.2d 788, 576 P.2d 44 (1978)). CrR 3.3(a), however, charges the court with the responsibility to ensure compliance with its speedy trial requirements. Under CrR 3.3(c)(1), Mr. Torres's speedy trial date was June 28.
Two sections of CrR 3.3 permit the court to continue the trial past 60 days. CrR 3.3(h)(2) permits a delay when necessary in the "administration of justice." Section (h)(2) applies on or before the date set for trial. CrR 3.3(d)(8) provides for a five-day extension to be granted on or after the set trial date (when the trial is not begun on the date set). Section (d)(8) requires a showing of "unforeseen circumstances" beyond the control of the parties or the court. State v. Selam, 97 Wash.App. 140, 142, 982 P.2d 679 (1999).
The record does not cite the section being applied. Mr. Torres assumes it was CrR 3.3(d)(8). But when a continuance is sought before the trial date, the circumstances are by definition "foreseen." The court was, therefore, invoking CrR 3.3(h)(2), not (d)(8). State v. Williams, 104 Wash.App. 516, 523-24, 17 P.3d 648 (2001).
UNAVAILABLE
For the purposes of CrR 3.3, an "unavailable" witness is one whose testimony cannot be contrived by any means. The word "unavailable" is not used in the social sense of having a previous engagement. For instance, in Day, cited by the State, the unavailable prosecution witness was currently married to a man accused of murdering his first wife. She was barred from testifying by the spousal privilege until the dissolution was final. Day, 51 Wash.App. at 549, 754 P.2d 1021.
Scheduled vacations of counsel justify a continuance. Scheduled vacations of investigating officers are also good cause. This is necessary to preserve the dignity of officers who would otherwise never be able to plan a vacation. Selam, 97 Wash.App. at 143, 982 P.2d 679; State v. Grilley, 67 Wash.App. 795, 799, 840 P.2d 903 (1992).
RECORD
This motion to postpone the trial for officer training was made to Jesus's trial court before the brothers' cases were consolidated. The record of that proceeding is not before us. Therefore, we cannot review the trial court's reasons for its decision to grant the continuance. Jesus's court may have conducted an inquiry and made a sufficient record of sufficient reasons under CrR 3.3(h)(2). Maybe the continuance did not affect Jesus's speedy trial period. Maybe Jesus did not contest the continuance. Routine training scheduling may or may not be an excuse to extend the CrR 3.3 period. But that ruling is not before this court.
We have only the record made by Mr. Torres's trial court. That record is insufficient to support a continuance past the speedy trial period for previously scheduled staff training. Mr. Torres's court simply accepted at face value the State's assertion that officer training was good cause for delay. The court made no factual inquiry and *907 no findings. Does this training differ from other routine training? Could it and should it be rescheduled? Is the officer's testimony crucial to the State's case? Mr. Torres is correct that the court did not even establish that the investigator was listed as a witness.
Although the record is insufficient to pass upon the adequacy of the grounds to continue this trial for witness unavailability, it is of no moment since the parties agreed to consolidation of the trial in any event. The consolidation alone required a continuance.

II. SPEEDY TRIALDELAY CAUSED BY CONSOLIDATION
The primary reason the court delayed Mr. Torres's trial was to consolidate it with codefendant Jesus. Absent a showing of prejudice, this is a sufficient reason, and the record is sufficient to support the court's ruling on this.
STANDARD OF REVIEW
The decision to proceed with joint or separate trials is entrusted to the sound discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion. State v. Grisby, 97 Wash.2d 493, 507, 647 P.2d 6 (1982).
Separate trials are not favored in Washington and are granted only where a defendant demonstrates that a joint trial would be "so manifestly prejudicial as to outweigh the concern for judicial economy." State v. Hoffman, 116 Wash.2d 51, 74, 804 P.2d 577 (1991).
When speedy trial and consolidation considerations collide, the court must balance the competing interests. State v. Dent, 123 Wash.2d 467, 484-85, 869 P.2d 392 (1994). As a general rule, the court should sever to protect a defendant's right to a speedy trial. State v. Eaves, 39 Wash.App. 16, 19-20, 691 P.2d 245 (1984) (citing Grisby, 97 Wash.2d at 507, 647 P.2d 6). But the court may proceed with a joint trial, particularly where neither defendant alleges any prejudice in presenting a defense. Melton, 63 Wash.App. at 66-67, 817 P.2d 413. Severance is not mandatory, except to protect one defendant from incriminating out-of-court statements by another. CrR 4.4(c)(1); Eaves, 39 Wash.App. at 19-20, 691 P.2d 245. The defendant must point to specific prejudice before a decision to consolidate will be overturned. State v. Kinsey, 20 Wash.App. 299, 579 P.2d 1347 (1978).
Here, Mr. Torres could not have both a joint trial and trial within 60 days. The court had to pick one or the other. The court weighed the competing interests. Not only did Mr. Torres not oppose consolidation, but counsel for each defendant affirmatively argued that the best outcome for his client required the presence of the other defendant. Mr. Torres made no claim that he would be prejudiced by joining the trials. His only argument for speed was that he was entitled to it under the rules.
DUE PROCESS
At first blush, this result appears to bind Mr. Torres to the result of a hearing at which he was not represented, and which he is unable to appeal.
However, the rules provide a remedy. The court may sever the prosecutions on the defendant's motion if a defendant is prejudiced by a codefendant's pretrial motion but cannot oppose it. CrR 4.4(a)(1). Mr. Torres never moved to sever. And this is a waiver of the right to severance. CrR 4.4(a)(1).
Moreover, nothing in the rules prevents the defense from moving to consolidate early in the proceedings when the State does not do so. If that had been done here, the State's motion for continuance would have been decided in a joint proceeding in which Mr. Torres was represented. And the record would be available for review.
As it was, Mr. Torres's court had before it two proposed reasons for continuance. It had another court's existing good cause ruling, which Mr. Torres did not dispute on the merits. The court also had the motion to consolidate, against which no compelling reason was offered. The court balanced a speedy trial for Mr. Torres against the benefits to both defendants of a joint trial. Implicit in the court's ruling is the unavoidable postponement of Jesus's trial, which would involve the same witnesses, and so forth, and would have to wait until Mr. *908 Torres's trial was done. Mr. Torres had the opportunity to revisit the severance issue after consulting with counsel, but he did not do so. A defendant who accepts tactical advice from his attorney cannot later claim error. State v. Robinson, 138 Wash.2d 753, 763, 982 P.2d 590 (1999) (right to testify).
The court did not abuse its discretion.
Finally, Mr. Torres objects to postponing his trial from July 10 to July 11 when he withdrew his consent to a stipulated facts trial. This was not a delay for the purposes of speedy trial rules.
Trial commences when the court and counsel assemble and the court rules on a motion for continuance. State v. Carson, 128 Wash.2d 805, 820, 912 P.2d 1016 (1996).
Here, everyone appeared in court on July 10, prepared to proceed with a stipulated facts trial that Mr. Torres had agreed to. Mr. Torres balked. And both defense lawyers asked for additional time to prepare. The court denied the request, and ordered the trial to proceed the next day. For CrR 3.3 purposes, the trial commenced on July 10.

III. EVIDENCE OF THE UTAH CONVICTION
The State must prove both the existence of a prior out-of-state conviction and its comparable classification as criminal history by a preponderance of the evidence. State v. Ford, 137 Wash.2d 472, 479-80, 973 P.2d 452 (1999); State v. McCorkle, 137 Wash.2d 490, 495, 973 P.2d 461 (1999). To establish the existence of a conviction, a certified copy of the judgment and sentence is the best evidence. State v. Lopez, 107 Wash. App. 270, 278, 27 P.3d 237 (2001). Failing that, comparable documents of record or trial transcripts may suffice. Ford, 137 Wash.2d at 480, 973 P.2d 452.
Mr. Torres assigns error to the sentencing court's consideration of an alleged prior conviction of attempted murder in Utah in 1989. He contends that the State failed both to establish the existence of the conviction and to prove that it would not have washed out as criminal history in Washington. The State responds that it established the existence of the conviction by a preponderance of the evidence. The State contends it overcame the lack of a certified copy of the judgment and sentence with other comparable documents of record or trial transcripts.
The State's evidence established that, while preparing a presentencing investigation report, a Washington corrections officer learned that Mr. Torres had a juvenile conviction in Utah. Bill Engel at the Utah juvenile court told the deputy prosecutor that a second degree attempted murder conviction was on the records in Utah, but that most of the documentation of the conviction was destroyed. Mr. Engel said that his file contained no order of expungement. Clerk's Papers (CP) at 22, 56.
The record on appeal contains faxes from Mr. Engel of copies of various police reports. An "Order and Decree" dated October 1989 suggests that Mr. Torres was adjudicated for something in July 1989, but does not say for what. CP at 68. In its sentencing memorandum in this case, the State represents this order as showing that Mr. Torres pleaded guilty. It does not say that. It says only that he was adjudicated.
EXISTENCE
Most of the documents the State offers as documents of record comparable to a certified copy of a judgment bear no evidence of ever having been filed with any court. They are evidently from the files of Mr. Engel, who at one time seems to have been a probation officer. The closest thing to a judgment is the copy of the "Order and Decree," which does not specify the nature of the charge.
CLASSIFICATION
In Washington, some juvenile offenses are included in an adult defendant's criminal history. Ford, 137 Wash.2d at 479, 973 P.2d 452. Other juvenile convictions "wash out." State v. Smith, 144 Wash.2d 665, 669, 30 P.3d 1245, 39 P.3d 294 (2001).
Even if it were established that Mr. Torres's Utah juvenile adjudication was for attempted murder, the State presented no evidence that a comparable Washington juvenile adjudication would still be on the books for the purposes of the current sentencing. We cannot say that the 1989 offense did not *909 wash out in Washington, or even that the offense was not expunged in Utah. We only know that Mr. Engel had nothing in his files to that effect.
We hold that the State presented insufficient evidence either of the existence or the current sentencing effect of the Utah adjudication. When, as here, an out-of-state conviction is objected to and the issue is fully aired before the sentencing court, the State is held to the existing record with the offending portions excised. Ford, 137 Wash.2d at 485, 973 P.2d 452. We therefore remand for resentencing with no additional evidentiary hearing.
In summary, we affirm the conviction, vacate the sentence, and remand for resentencing without the 1989 Utah conviction.
The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions. RCW 2.06.040.
WE CONCUR: BROWN, C.J., and KURTZ, J.
NOTES
[1] The Torres brothers are referred to by first names when necessary for clarity. Mr. Torres is always the appellant, Rosalio Torres Jr.