[No. 54281-8-I. Division One. March 6, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. PHUONG H. NGUYEN, *Appellant*.

*Elaine L. Winters* (of *Washington Appellate Project*), for appellant.

*Norm Maleng*, *Prosecuting Attorney*, and *Alice Degen* and *David M. Seaver*, *Deputies*, for respondent.

¶1 BECKER, J. — Appellant Phuong Nguyen was charged with committing a home invasion robbery. Over Nguyen's objection, the trial court granted the State's request for a two-month continuance of the trial date to "track" Nguyen's case with other home invasion robberies in case the police found evidence linking them. Finding a manifest abuse of discretion, we reverse and dismiss for violation of the speedy trial rule.

¶2 The robbery Nguyen was charged with occurred in the south end of Seattle on September 7, 2003. Three men entered an apartment where they bound and robbed the three occupants at gunpoint. Startled by a gun suddenly going off, the robbers fled.

¶3 One of the robbers left behind the stereo receiver he had been about to carry out. Police investigators found a palm print on the face of the stereo. This print was identified as Nguyen's. The State also obtained evidence linking Nguyen to the gun fired in the apartment. The State charged Nguyen with burglary and robbery. He was arraigned on those charges on October 30, 2003, along with a drug charge for cocaine found in his possession when he was arrested. Because he remained in custody, the applicable time for trial was 60 days, a period that expired on December 29. Trial was set to begin on December 23.

¶4 At the omnibus hearing on December 19, the State asked for a continuance to February 17, 2004. The prosecutor told the court that Nguyen's case "came into the prosecutor's office as part of a string of about ten burglaries that were linked by essentially the way in which they were committed. . . . Home invasion robberies where people were tied up." The prosecutor acknowledged that there was no evidence linking Nguyen with the other home invasion robberies but expressed a desire to "track" his case with the others, particularly with four defendants who had been charged and scheduled for trial beginning February 17, 2004:

The police eventually, a couple weeks later, caught another four individuals doing a robbery in Seattle of the same nature . . . . So far there is other evidence linking those four to previous burglaries, not specifically this one. There is no evidence specifically listing this defendant with the others, but I think the State would be moving to keep this defendant and track with the others so that we know exactly what we're dealing with.

¶5 The court inquired, "Linking him to the other co-defendants . . . you're not asking to have him joined with those other trials. You just want to track for time purposes for preparation, essentially?" The prosecutor responded, "Yes. Right now, I think there could potentially—there's still DNA, fingerprints, and witness victims who need to look at all the property to determine if potentially some of those other four are connected to the one that he's charged with . . . or if he can be connected to one of the other ones that the others are charged with."

¶6 Nguyen objected. "My client does not want these cases to track, and the reason being is that the link that the prosecutor is saying they do have doesn't exist. It doesn't exist today and we don't believe it will because a lot of the information has already been tested and has come out with negative results."

¶7 The prosecutor responded that there was still a substantial amount of evidence to be processed, including fingerprints, blood, and cords used to tie up the victims, as well as numerous items of jewelry, clothing, and equipment.

¶8 The court granted the motion on the basis that allowing the State more time to test the evidence and explore the possibility of a link would be "a more efficient use of court time":

> The court is going to, over defense objection, I'm going to grant the motion by the State to link it with the other co-defendants. It sounds like there's enough outstanding forensic evidence that remains to be tested that may or may not link him, but I certainly think the State is entitled to do that and I think it's a more efficient use of court time to do that other than to have this case go forward and then subsequently have him charged

with a case that's already scheduled for the 17th of February, and due to the lateness in testing may have obviated the need for having two different trials.

The court continued the trial to February 17, 2004, and set a new speedy trial expiration date of March 18, 2004.

¶9 After more continuances not at issue on appeal, Nguyen's trial eventually began on April 14, 2004. He was the sole defendant. The State did not charge him with any other robberies or burglaries. He was convicted as charged. Nguyen appeals and contends that his convictions must be dismissed because the continuance granted in December 2003 violated his right to a speedy trial.

¶10 A defendant who is detained in jail shall be brought to trial within 60 days of arraignment. CrR 3.3(b)(1), (c)(1). A charge not brought to trial within the time limit shall be dismissed with prejudice. CrR 3.3(h). A delay due to a continuance is excluded in computing the time for trial. CrR 3.3(e)(3). The current version of the rule, like the former version, authorizes the court to grant a party's motion to continue the trial date when it "is required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense." CrR 3.3(f)(2) (same as former CrR 3.3(h)(2) (2001)). The court must "state on the record or in writing the reasons for the continuance." CrR 3.3(f)(2).

¶11 The decision to grant a continuance under CrR 3.3 rests in the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. Discretion is abused if it is exercised on untenable grounds or for untenable reasons. *State v. Torres*, 111 Wn. App. 323, 330, 44 P.3d 903 (2002); *State v. Flinn*, 154 Wn.2d 193, 199-200, 110 P.3d 748 (2005); *State v. Woods*, 143 Wn.2d 561, 579, 23 P.3d 1046 (2001).

¶12 In computing the time for trial, the period of time needed to address a "related" charge is excluded. CrR 3.3(e)(5). But to be related, a charge must be "based on the same conduct as the pending charge that is ultimately filed

in the superior court." CrR 3.3(a)(3)(ii). The charges against the other robbers were not based on the same conduct for which Nguyen was charged, and so the rule itself does not expressly authorize the delay that occurred here.

¶13 The State proposes that a continuance is required in the administration of justice if it allows time for further forensic testing that will "potentially" eliminate redundant trials. It is true that the right to a speedy trial must sometimes yield to considerations of judicial economy. Separate trials are not favored. *Torres*, 111 Wn. App. at 332. A court may properly rely on the policy favoring joint trials and continue a defendant's case so that it will coincide with the trial of another defendant charged with a related crime. *State v. Melton*, 63 Wn. App. 63, 66-67, 817 P.2d 413 (1991). When defendants are jointly charged, severance to protect the speedy trial right of one of the defendants is not mandatory. *State v. Eaves*, 39 Wn. App. 16, 19, 691 P.2d 245 (1984).

¶14 But although the trial judge here spoke of linking Nguyen's case with "the other co-defendants," the individuals scheduled for trial on February 17th were not Nguyen's codefendants. Their offense and his were not joined in the same charging document. There was no evidence implicating Nguyen in the other robberies and no evidence linking other suspects to the robbery Nguyen was charged with. There was no basis for consolidation. With no actual link between Nguyen's case and the others, judicial economy was not a tenable basis for granting the continuance.

¶15 The suspicion that a link will "potentially" be discovered between the case that is scheduled for trial and other crimes not yet charged is not like other reasons that our courts have recognized as justifying delay of trial as "required in the administration of justice." The continuance in this case was not required to allow the State to prepare its case. The State could have proceeded to trial on December 23 on the charge for which Nguyen had already been arraigned. If forensic testing later provided evidence that

Nguyen was responsible for other crimes, the State could have filed the additional charges at that time. Alternatively, if trying all the home invasion robberies together was a higher priority, the State could have waited to charge Nguyen until the testing of evidence was completed. The State has not explained why it is just to detain a defendant longer than 60 days after arraignment solely on the suspicion that he might be linked to some other crime.

¶16 The State retreats to the argument that the decision to grant a continuance is discretionary with the trial court. But as our Supreme Court has observed in another context, if "administration of justice" can be invoked at any time to grant a continuance, then "there is little point in having the speedy trial rule at all." *State v. Adamski*, 111 Wn.2d 574, 580, 761 P.2d 621 (1988). Nguyen was deprived of his right to trial within 60 days based on mere speculation that there might eventually be joinder of other offenses or consolidation with other defendants. It is unclear how this rationale for a continuance, once adopted, could be confined.

¶17 Because there was no tenable basis for finding that the continuance was "required in the administration of justice," the trial court's decision to delay the trial was an abuse of discretion. As a result, we must conclude that charges against Nguyen were not brought to trial within the applicable time limit.

¶18 Reversed and dismissed.

ELLINGTON and SCHINDLER, JJ., concur.