

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 JUN 16 AM 9: 10

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71645-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT JESSE HILL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: June 16, 2014 |
| | ) | |

VERELLEN, A.C.J. — Robert Hill contends that the trial court erred by granting a continuance after the State informed the court that a victim witness was unavailable due to military service. But Hill's failure to object on the basis of CrR 3.3 speedy trial rights waived any challenge under CrR 3.3. The trial court also properly exercised its discretion by granting a continuance based on the unavailability of witnesses.

Hill also argues that the prosecutor committed misconduct in closing argument by offering a general analogy regarding the beyond a reasonable doubt standard. A prosecutor does not commit misconduct in closing argument by analogizing the beyond a reasonable doubt jury instruction where the analogy does not contradict the instruction, imply a standard that is at odds with the correct standard, or attempt to quantify that standard in numerical or statistical terms. Other arguments raised by Hill lack merit. We affirm.

FACTS

Witnesses alleged that on November 8, 2011, Hill entered a bar, screamed at employees and patrons, slammed a coffee thermos into electronic equipment, grabbed and shook a server, blew a whistle loudly, aggressively grabbed one customer who told him to stop, and grabbed and hit a second customer who told him he needed to leave. Hill bumped into several of the same individuals as he was herded out the door.

Hill was later arrested and charged with assault in the second degree, assault in the fourth degree and two counts of malicious mischief in the third degree. Following a jury trial, he was convicted as charged.

Hill appeals.

DISCUSSION

*Speedy Trial*

Hill first argues that the trial court violated his right to a speedy trial by granting the State's motion for a continuance due to the unavailability of witnesses. We disagree.

Under CrR 3.3, a defendant who is in custody must be brought to trial within 60 days of arraignment. Under CrR 3.3(e), certain time periods are excluded from the 60-day calculation, such as continuances granted by the court upon written agreement of the parties or a motion of a party arguing the extension is required in the administration of justice.[1] Time excluded under CrR 3.3(e) extends the time for trial, so that the

---

[1] CrR 3.3(e), (f).

allowable time for trial then expires 30 days after the end of that excluded period.[2]

Under CrR 3.3(f)(2), the court may continue the trial date to a specified date when such

continuance is required in the administration of justice and the defendant will not be

prejudiced in the presentation of his or her defense. An appellate court reviews a trial

court's decision to grant a continuance under CrR 3.3 for an abuse of discretion.[3]

Hill was charged on November 14, 2011.

On January 3, 2012, the court granted Hill's motion for a continuance (continuing

trial date to February 1, 2012, expiration date of March 2, 2012).

On January 23, 2012, a scheduled hearing was cancelled due to inclement

weather.

On February 1, 2012, the trial court granted an agreed motion for continuance

(continuing trial date until February 15, 2012, expiration date of March 16, 2012).

On February 15, 2012, the trial court granted an agreed motion for continuance

(continuing trial date to March 20, 2012, expiration date of April 19, 2012).

On March 20, 2012, the trial court granted the State's motion for continuance to

allow the State to file an amended information and conduct further investigation

(continuing trial date to April 16, 2012, expiration date of May 16, 2012).

On April 16, 2012, the trial granted the State's motion for continuance over Hill's

objection, finding good cause due to the unavailability of three witnesses (continuing

trial date to May 22, 2012, expiration date of June 23, 2012).

---

[2] CrR 3.3(b)(5).
[3] State v. Downing, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004).

On May 22, 2012, the court continued the case at Hill's request (continuing trial date to July 12, 2012, expiration date of August 22, 2012).

On July 12, 2012, the trial began.

Hill only objected to the State's April 16, 2012 motion for continuance. Hill's only asserted basis for his objection was that he wanted to go to trial. His attorney's argument, in its entirety, was:

> Your Honor, we're opposed to any continuance of this matter. It seems to us that these scheduling issues were probably--or certainly could have been known when the trial was last set and could have been taken into consideration and a trial set where everybody could be available if it goes, and Mr. Hill is opposing any continuance and prefers to go to trial.[4]

Hill did not contest the State's proffered reasons for the continuance, but argued that these were "scheduling issues" that should have been dealt with at the prior hearing.[5]

The trial court explained the reasons for the motion to continue as:

> One of the assault victims is out of the country with the military, and two law enforcement officers are not available. It is proposed to continue this, at this time, from 04/16/12 to 05/22/12. The case is 154 days old, and there have been four prior continuances.[6]

The trial court granted the motion, stating that "the court finds good cause under State v. Campbell to continue this matter, so I've signed the order of continuance."[7]

For the first time on appeal, Hill asserts that the charges should have been dismissed based on a violation of the speedy trial rule. This court will not consider an

---

[4] Report of Proceedings (RP) (Apr. 16, 2012) at 9.

[5] Id.

[6] Id. at 8.

[7] Id. at 9 (citing State v. Campbell, 103 Wn.2d 1, 691 P.2d 929 (1984)).

issue raised for the first time on appeal unless it involves a manifest error affecting a constitutional right.[8] While there is a constitutional right to a speedy trial, the CrR 3.3 right to trial within 60 days is not constitutional in nature.[9]

Additionally, Hill did not file a motion to dismiss the charges, he did not argue that the proposed trial date was outside the CrR 3.3 speedy trial limits, and the parties' attorneys selected the date for the new trial as their schedules allowed. Under CrR 3.3, a timely objection must be made to a trial date set outside of the CrR 3.3 expiration date so that the trial court has the opportunity to fix the error and comply with the CrR 3.3 requirements.[10] Because no timely motion was presented to the trial court and the alleged 60-day speedy trial violation is not a constitutional issue, we decline to reach the speedy trial argument.

Hill also argues for the first time on appeal that the trial court erroneously relied on State v. Campbell.[11] In that case, the defendant requested a continuance based on concerns that counsel was not prepared for trial.[12] Although the facts of Campbell are distinguishable, Campbell holds that the trial court's ruling on a motion for continuance "will not be disturbed absent a showing of manifest abuse of discretion," and that the trial court may properly grant a continuance over defense objection where the ruling is

---

[8] RAP 2.5(a); State v. Brewer, 148 Wn. App. 666, 673, 205 P.3d 900 (2009).

[9] State v. Torres, 111 Wn. App. 323, 330, 44 P.3d 903 (2002).

[10] State v. Chavez-Romero, 170 Wn. App, 568, 581, 285 P.3d 195 (2012).

[11] 103 Wn.2d 1, 691 P.2d 929 (1984).

[12] Id. at 14.

based on valid reasons, including a concern to ensure a fair trial.[13] The unavailability of a key witness is recognized as a valid reason for a court to grant a motion for continuance.[14] Hill fails to demonstrate that the trial court abused its discretion in granting the motion for a continuance under these circumstances.

Hill's speedy trial argument fails, both for lack of an adequate objection in the trial court and because the trial court did not abuse its discretion in granting the State's April 16, 2012 motion for continuance.

### Prosecutorial Misconduct

Hill argues that prosecutorial misconduct requires reversal of his convictions. We disagree.

Although a prosecutor has wide latitude to argue reasonable inferences from the evidence, he or she must seek convictions based only on probative evidence and sound reason.[15] "'The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.'"[16]

In order to prevail on a claim of prosecutorial misconduct, a defendant is required to show that the prosecutor's conduct was both improper and prejudicial.[17] The prejudice prong requires that the defendant show a substantial likelihood that the

---

[13] Id. at 14-15.

[14] State v. Iniguez, 167 Wn.2d 273, 279, 217 P.3d 768 (2009) (State's witness left the country and was unavailable); State v. Day, 51 Wn. App. 544, 549, 754 P.2d 1021 (1988).

[15] In re Glasmann, 175 Wn.2d 696, 704, 286 P.3d 673 (2012).

[16] Id. (quoting ABA, STANDARDS FOR CRIMINAL JUSTICE std. 3-5.8(c) (2d ed. 1980)).

[17] Id.

misconduct affected the jury verdict.[18] We consider the prosecutor's alleged improper conduct in the context of the total argument, the issues in the case, the evidence addressed in the argument, and the jury instructions.[19]

Hill claims the prosecutor misstated and trivialized the beyond a reasonable doubt standard of proof. We disagree that there was misconduct.

"Due process requires the State to prove, beyond a reasonable doubt, every element necessary to constitute the crime with which the defendant is charged."[20] Misstating or trivializing the State's burden to prove the defendant's guilt beyond a reasonable doubt is misconduct.[21]

Here, the prosecutor paraphrased the jury instruction describing reasonable doubt:

> If I were to take you from the building and drive you around in the back seat of a limousine with a blindfold on for 40 minutes—you can go 40 minutes this way, that way, or you can go around in a big circle; you don't know where you're going. And I bring you up to a building that has ten flights of stairs, and I put you in a room, and I take your blindfold off, and you see three windows and a chair in the middle, and I have you sit in the middle, and then I say, let's do a little experiment here; go look out that first window and see what you see, and you do; you go out, and you look out the first window, and you see a mountain, and then I tell you -- you know, I say, can you tell me beyond a reasonable doubt where you are? You know you're in Washington because you didn't go that far in the car. You went 40 minutes; but you say to me, I can still be in Tacoma because I can see that beautiful mountain from right out there on the highway, and I show you a body of water. I ask you to look out the next window, and you do; and of course, you see this large body of water and you say, wait a minute, you know. I say, can you tell me beyond a reasonable doubt

---

[18] Id.

[19] State v. Anderson, 153 Wn. App. 417, 430, 220 P.3d 1273 (2009).

[20] Glasmann, 175 Wn.2d at 713.

[21] Id.

where you are? And you say, of course not. I can see the water from Tacoma. I can see it from Seattle. I don't know where I am beyond a reasonable doubt. But then I say, look out the third window, and you do, and you see this thing that you recognize right there, and it's the Space Needle, and it's as big as day, and you see it. You know beyond a reasonable doubt you're in Seattle, and I don't have to show you the EMP. I don't have to show you the Seattle Art Museum. I don't have to show you--I don't have to show you a hundred things. I don't have to show you a thousand things. I've showed you three things, and you were convinced beyond a reasonable doubt; so the argument where there's evidence or lack thereof, there's not a lack of evidence here, folks. There's enough evidence for you to find the defendant guilty beyond a reasonable doubt.[22]

In State v. Lindsay, the Supreme Court recently examined whether a prosecutor's use of a similar analogy amounted to a misstatement of the burden of proof. It concluded that analogies where the prosecutor quantifies the amount of the puzzle that may be complete in order to know beyond a reasonable doubt what the puzzle is are improper.[23] But analogies where the prosecutor gives only a general reference to being able to discern the subject of a puzzle with some pieces missing were not improper.[24]

Similar to the argument under consideration in Lindsay, here, the process of elimination analogy that the prosecutor used to illustrate reasonable doubt was a general reference and did not improperly quantify the burden of proof. And the

---

[22] RP (July 19, 2012) at 235-36.

[23] No. 88437-4, 2014 WL 1848454, at *6-7 (Wash. May 8, 2014) (quoting State v. Johnson, 158 Wn. App. 677, 682, 243 P.3d 936 (2010) (statement that "even being able to see only half, you can be assured beyond a reasonable doubt that this is going to be a picture of Tacoma.")).

[24] Id. (quoting State v. Curtiss, 161 Wn. App. 673, 700, 250 P.3d 496 (2011) (statement that "There will come a time when you're putting that puzzle together, and even with pieces missing, you'll be able to say, with some certainty, beyond a reasonable doubt what that puzzle is: The Tacoma Dome.")).

prosecutor concluded his challenged remark by expressly referring to the correct burden of proof: "[T]here's not a lack of evidence here, folks. There's enough evidence for you to find the defendant guilty beyond a reasonable doubt."[25]

Hill fails to demonstrate that the prosecutor's closing argument was misconduct.

*Statement of Additional Grounds for Review*

Hill argues in his statement of additional grounds for review that the trial court erred by not recusing after Hill filed an affidavit of prejudice. He also contends that the assault convictions were improper because he lacked the "intent to make contact" with the victims and the victims consented to being touched.[26] Neither argument has merit.

Hill's affidavit of prejudice was not timely filed. Under RCW 4.12.050, an affidavit is timely if filed before a discretionary ruling is made. The trial court made numerous discretionary rulings prior to Hill filing the affidavit on August 12, 2012, including rulings on several motions for continuance—which are recognized as discretionary rulings.[27] The trial court did not err by refusing to recuse.

Hill's arguments concerning his intent and the victims' alleged consent are conclusory factual arguments concerning issues the jury necessarily resolved against Hill. The record provides ample evidence to allow the jury to find all the elements of the assault charges were proved beyond a reasonable doubt. This court defers to the trier

---

[25] RP (July 19, 2012) at 236.

[26] Statement of Additional Grounds at 1.

[27] State v. Dennison, 115 Wn.2d 609, 620, 801 P.2d 193 (1990).

of fact to resolve conflicting testimony, evaluate the credibility of witnesses, and generally weigh the persuasiveness of the evidence.[28]

Affirmed.

WE CONCUR:

---

---

[28] State v. Lubers, 81 Wn. App. 614, 619, 915 P.2d 1157 (1996).