# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47009-8-II |
| Respondent, | |
| v. | |
| JASON ADAM HANSON, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Jason Adam Hanson appeals his second degree assault conviction and sentence, arguing that (1) the trial court violated his time for trial rights under CrR 3.3; (2) he received ineffective assistance of counsel because (a) defense counsel requested two continuances and (b) defense counsel's failure to try the case when originally scheduled created a conflict of interest between counsel and Hanson's right to a speedy trial; and (3) the trial court erred by imposing legal financial obligations without considering his current or future ability to pay. We hold that (1) Hanson's CrR 3.3 challenge is waived; (2) he did not receive ineffective assistance of counsel; and (3) the trial court did not err by imposing legal financial obligations (LFOs). Accordingly, we affirm Hanson's conviction and sentence.

FACTS

On July 8, 2014, the State charged Hanson with second degree assault.[1]  On July 10, Hanson pleaded not guilty, and the court scheduled trial to begin on September 2, 2014.  Hanson remained in custody pending trial.

On August 28, defense counsel requested a continuance in order to review the victim's recently received medical records and to interview the victim.  Defense counsel told the trial court that he had received the victim's medical records

> a week ago, maybe a week and a half ago.  We'd still like to interview the victim. We were waiting for the medical reports to come in.  And so I feel in order for me to be effective counsel, I need to be able to do my job.  Even though my client is insisting upon it going on trial on Tuesday, I just don't see how I can.

1 Verbatim Report of Proceedings (VRP) at 9.  Hanson objected to his counsel's request for a continuance, acknowledging that the medical records would be a vital part of trial, but arguing that he "still want[ed] to have a speedy trial."  1 VRP at 12.  Hanson claimed that if he consented to a continuance, trial would be delayed for several months.  The trial court granted the continuance, finding that the time was vital for defense counsel to prepare.  The trial court rescheduled trial for October 27, 2014.

On Thursday, October 23, the State discovered two new witnesses to the alleged assault. The new witnesses indicated that a third, unidentified, witness may exist. On Friday, October 24, at approximately 5:30 p.m., the State provided the new information to defense counsel.

---

[1] On July 18, 2014, the State filed an amended information, adding a codefendant, Autumn Skye Williams.  Williams pleaded guilty.  Williams is not a party to this appeal.

On Monday, October 27, defense counsel requested a second continuance in light of the new witnesses. Defense counsel represented that he could not effectively represent Hanson without investigating the newly discovered information.

> Is that going to help us or hurt us? I don't know. But I think that I have to as an attorney be able to effectively represent my client. And I can't—when I just find out two days ago that there's a third person who actually saw everything and was there on the ground, I feel that there's no way I can proceed to trial today.

1 VRP at 30-31. Hanson objected despite acknowledging that there was a potential beneficial witness. The trial court granted defense counsel's request for a continuance, finding that "it's in the best interests of the defendant and I think for the best interests of any potential appeal that all resources be checked out, so I would agree that a continuance over the objection of the client is appropriate under these circumstances." 1 VRP at 34. The trial court continued the trial to November 17, 2014.

Trial began on November 17. On November 19, the jury found Hanson guilty of second degree assault.

Hanson was sentenced on December 12. The State argued that Hanson could be employed in the future and asked the court to impose "the standard fines, fees, and conditions." 3 VRP at 309. Defense counsel asked the court to "consider a waiver of some of the fees" because Hanson was indigent and had not "worked for several years now." 3 VRP at 314. The trial court asked Hanson if he was "disabled or ha[d] some reason [he] can't work," and Hanson responded that he did not have a reason he could not work. 3 VRP at 314. The trial court found that Hanson was indigent but has "some ability to pay," and imposed restitution, a $500 victim assessment fee, $200 court costs, and $100 deoxyribonucleic acid (DNA) collection fee. 3 VRP at 314. Hanson appeals.

ANALYSIS

A.    CrR 3.3

Hanson argues that the trial court abused its discretion by granting defense counsel's requests for continuances, thereby violating the time-for-trial rule in CrR 3.3. We disagree.

1. Legal Principles

We review a trial court's application of CrR 3.3 de novo. *State v. Ollivier*, 178 Wn.2d 813, 826, 312 P.3d 1 (2013), *cert denied*, 135 S. Ct. 72 (2014). We review a trial court's decision to grant a continuance for an abuse of discretion. *Id*. at 823. A trial court abuses its discretion if its decision is based on untenable grounds or for untenable reasons. *State v. Nguyen*, 131 Wn. App. 815, 819, 129 P.3d 821 (2006).

A defendant held in custody pending trial must be tried within 60 days of arraignment. CrR 3.3(b)(1)(i); *Ollivier*, 178 Wn.2d at 823. Continuances granted by the court are excluded from the computation of time. CrR 3.3(e)(3). The trial court may grant a party's motion to continue the trial date when it "is required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense." CrR 3.3(f)(2). In granting the continuance, the court must "state on the record or in writing the reasons for the continuance." CrR 3.3(f)(2). "The bringing of such motion by or on behalf of any party waives that party's objection to the requested delay." CrR 3.3(f)(2).

2. No Abuse of Discretion in Continuing Trial

Here, defense counsel represented to the trial court that in order for him to effectively represent Hanson at trial, he needed both of the trial continuances. The trial court granted defense counsel's first request for a trial continuance from August 28 to October 27, based on defense

4

counsel's representations that he needed to review the victim's medical records he had received approximately one week before. Similarly, the trial court found good cause to grant defense counsel's second request for a trial continuance from October 27 to November 17, because defense counsel had just learned about two new witnesses, one who could be of benefit to the defense. Given the circumstances, the trial court did not abuse its discretion in granting the continuances.

Furthermore, Hanson was timely brought to trial on November 17, 2014, 49 days into the 60 day time-for-trial requirement under CrR3.3(b)(1)(i). Hanson's time-for-trial time began running when he was arraigned on July 10, 2014. CrR 3.3(c)(1). Defense counsel requested, and the trial court granted, the first continuance 49 days later, on August 28, 2014. The trial court continued the trial to October 27, 2014. On October 27, defense counsel requested a second continuance. The trial court again granted the continuance and reset the trial date to November 17, 2014. The time between August 28 and October 27, and between October 27 and November 17 is excluded from the computation of time-for-trial. CrR 3.3(e)(3). Trial began on November 17, 2014. Thus, pursuant to the time periods excluded under CrR 3.3(e), Hanson was tried on the 49th day after he was arraigned, which is within the time-for-trial requirement of 60 days. [2]

---

[2] Hanson also argues that the trial court abused its discretion because of "the tenuous nature of the requests compared to the relative simplicity of the facts and defense theory." Br. of Appellant at 13. In support, he asserts that counsel's first request for a continuance, on August 28, 2014, was to allow time to review medical records, but that counsel made "no serious challenge to the medical testimony," which was presented at trial on November 17, 2014. Br. of Appellant at 13. Hanson also asserts that the defense did not present expert testimony to support its theory of the case that Williams caused the victim's injuries. To the extent that Hanson argues that we should determine whether the trial court abused its discretion on August 28, 2014 and October 27, 2014 by granting defense counsel's requests for continuances based on defense counsel's performance on or after November 17, 2014, Hanson fails to support that argument with any authority. "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." *DeHeer v. Seattle Post-*

Hanson relies on *State v. Saunders*, 153 Wn. App. 209, 217, 220 P.3d 1238 (2009). In *Saunders*, the trial court granted a series of continuances to allow more time for plea negotiations, despite the defendant's desire to cease plea negotiations and proceed to trial. *Id.* at 217-21. The trial court also granted three other continuances "without adequate basis or reason articulated by the State or defense counsel." *Id.* at 220. The *Sanders* court reversed, holding that "[a]bsent convincing and valid reasons for the continuances," the trial court abused its discretion when it granted the continuances because the client controls the goal of whether to reject further negotiations. *Id.* at 218, 221.

*Saunders* is distinguishable. Unlike the defense counsel in *Saunders*, Hanson's counsel sought the continuances in order to effectively represent Hanson at trial. Furthermore, unlike in *Saunders*, Hanson's counsel articulated valid bases for both continuance requests, and Hanson acknowledged that his counsel's explanations were reasonable. Accordingly, Hanson's argument that the trial court abused its discretion in granting the trial continuances fails.

B.      INEFFECTIVE ASSISTANCE OF COUNSEL

Hanson argues that he received ineffective assistance of counsel because defense counsel requested two continuances. We disagree.

We review ineffective assistance of counsel claims de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). A defendant claiming ineffective assistance of counsel has the burden to establish that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant's case. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052,

---

*Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). Accordingly, we will not consider Hanson's unsupported arguments. *Id.*

80 L. Ed. 2d 674 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Sutherby*, 165 Wn.2d at 883. To establish prejudice, the defendant must show that there is a reasonable probability that the result would have been different had the deficient performance not occurred. *State v. Grier*, 171 Wn.2d 17, 34, 246 P.3d 1260 (2011). Failure to establish either prong is fatal to an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700.

To demonstrate deficient performance, a reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Our scrutiny of counsel's performance is highly deferential; we strongly presume reasonableness. *Grier*, 171 Wn.2d at 33. To rebut this presumption, a defendant bears the burden of establishing the absence of any legitimate trial tactic explaining counsel's performance. *Id*. "If trial counsel's conduct can be characterized as legitimate trial strategy or tactics, it cannot serve as a basis for a claim that the defendant received ineffective assistance of counsel." *State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002).

Hanson claims that he received ineffective assistance of counsel when defense counsel requested two trial continuances. Hanson argues that defense counsel was deficient because he did not diligently prepare for trial, which resulted in his requesting two continuances. The record, however, shows that defense counsel requested the continuances to review and investigate recently received and newly discovered evidence. Hanson does not argue that defense counsel was dilatory in reviewing the recently received and newly discovered evidence or that defense counsel misrepresented the circumstances to the trial court.

Hanson also claims that defense counsel was deficient because, although defense counsel requested a continuance for tactical reasons, "nothing in the record indicates that counsel actually followed through on any of these purported justifications." Br. of Appellant at 16. Hanson notes that the defense did not present witnesses contradicting the medical records or identify the newly discovered witness. Hanson misunderstands the nature of this court's inquiry. The issue, as it relates to counsel's performance, is whether defense counsel was deficient when he requested the continuances. Whether a "strategy ultimately proved unsuccessful is immaterial to an assessment of defense counsel's initial calculus; hindsight has no place in an ineffective assistance analysis." *Grier*, 171 Wn.2d at 43. Defense counsel was not deficient when he requested a continuance in order to follow up on recently received discovery or newly discovered witnesses before going to trial. Because Hanson has failed to demonstrate that defense counsel was deficient, his claim of ineffective assistance of counsel fails.

Hanson also contends that defense counsel's requests for continuances prejudiced Hanson by depriving him of his time-for-trial right. But, as discussed above, Hanson's time-for-trial right was not violated. CrR 3.3(f)(2). To the extent that Hanson argues that he was prejudiced merely because his original trial date was continued, he fails to support that argument with authority.

Hanson suggests that we presume that he was prejudiced because counsel created a conflict of interest between counsel and Hanson when defense counsel failed to try the case as originally scheduled. Hanson cites to *State v. Regan*, 143 Wn. App. 419, 427, 177 P.3d 783, *review denied*, 165 Wn.2d 1012 (2008), but he offers no argument explaining how *Regan* is applicable. In *Regan*, the court addressed whether the defendant received ineffective assistance of counsel based on a

conflict of interest when the State called defense counsel as a witness. *Id.* Hanson's ineffective assistance of counsel claim fails. RAP 10.3(a)(6).

C.      LEGAL FINANCIAL OBLIGATIONS

Hanson argues that the trial court erred by imposing LFOs without considering Hanson's current or future ability to pay. We disagree because the court imposed only mandatory, not discretionary, LFOs.[3]

Hanson does not distinguish between mandatory LFOs, for which the trial court need not consider the defendant's ability to pay, and discretionary LFOs, which are subject to the requirements of RCW 10.01.160(3). *See State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013). Here, the trial court imposed restitution, a crime victim assessment, court costs, and a DNA collection fee. CP at 114. Restitution is mandatory pursuant to RCW 9.94A.753(5). *Id*. The crime victim assessment is mandatory under RCW 7.68.035. *Id*. The court costs are mandatory pursuant to RCW 36.18.020(2)(h). *Id*. And, the DNA collection fee is mandatory under RCW 43.43.7541. *Id*. Thus, the court imposed no discretionary LFOs. "Because the legislature has mandated imposition of these legal financial obligations, the trial court's 'finding' of a defendant's current or likely future ability to pay them is surplusage." *Id*. at 103. Hanson's argument that the trial court erred by imposing LFOs without first determining his current and future ability to pay fails.

---

[3] Although the trial court did not need to consider Hanson's ability to pay mandatory LFOs, we note that the trial did, in fact, consider Hanson's ability to pay LFOs before imposing them.

No. 47009-8-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Melnick, J.