[No. 28790-7-I.   Division One.   November 30, 1992.]

THE STATE OF WASHINGTON, *Petitioner,* v. TOMAS J. GRILLEY, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Michele A. Haupt-man, Deputy,* for petitioner.

*Nancy L. Schultz,* for respondent.

BAKER, J. — This case raises the issue of whether a trial court violates a defendant's speedy trial rights by continuing a criminal trial when the investigating officers are unavailable due to scheduled vacations. We hold that it does not, and reverse.

I

Tomas J. Grilley was charged with reckless driving. His arraignment, which commenced the running of a 90-day speedy trial clock, CrRLJ 3.3(c)(1), was on June 26, 1990, at which time a September 6, 1990, trial date was set. On August 16, 1990, the State moved to continue the trial date due to the previously scheduled vacations of both investigating officers. Defense counsel did not attend the argument of the motion. The State's motion was granted and trial was reset for November 2, 1990. Notice to Grilley was issued on August 21, 1990.

On August 27, 1990, Grilley filed an objection to the continuance, which was denied. However, trial was reset for October 3, 1990.

At trial, Grilley stipulated to the facts on record and was found guilty. On appeal, the Superior Court reversed and dismissed the charge with prejudice, finding that there had been a speedy trial violation. The State appeals.

II

The State preliminarily asserts that Grilley's objection was untimely. CrRLJ 3.3(f)(2) provides that a party who objects to the date set for trial following a resetting of the trial date must move for an acceptable date within 10 days after the notice of resetting is mailed or otherwise given. Failure to so move constitutes a waiver of any objection to the reset trial date. *See Kennewick v. Vandergriff*, 109 Wn.2d 99, 101, 743 P.2d 811 (1987).

Grilley was not required under this rule to be present at the hearing on the State's motion for continuance in order to preserve his objection. He did not waive his speedy trial right, because he timely filed his objection 6 days after the notice of the new trial date was issued.

■ We next consider whether the District Court properly granted the continuance. Because trial calendar control and management necessarily involve the exercise of judicial discretion, *State ex rel. Rushmore v. Bellevue Dist. Justice Court*, 15 Wn. App. 675, 677, 552 P.2d 693 (1976), *review denied*, 88 Wn.2d 1003 (1977), granting a continuance is reviewable on appeal only for a manifest abuse of discretion. *Rushmore*; *see also State v. Kokot*, 42 Wn. App. 733, 735, 713 P.2d 1121 (construing CrR 3.3), *review denied*, 105 Wn.2d 1023 (1986).

■ Similar provisions in speedy trial rules applicable to superior courts, courts of limited jurisdiction, and juvenile courts are construed in a consistent manner. *State v. Kennison*, 25 Wn. App. 396, 398, 607 P.2d 877 (1980) (citing *State v. Mack*, 89 Wn.2d 788, 792, 576 P.2d 44 (1978)). The relevant provisions of CrRLJ 3.3, CrR 3.3, and JuCR 7.8 are substantially similar.[1]

■ A continuance granted beyond the speedy trial period must be supported by findings showing a need for a continuance in the " 'due administration of justice.' " *State v. Adamski*, 111 Wn.2d 574, 581, 761 P.2d 621 (1988) (construing a similar provision in JuCR 7.8(e)(2)) (quoting *State v. Tidwell*, 32 Wn. App. 971, 979, 651 P.2d 228 (1982)).

■ *State ex rel. Rushmore v. Bellevue Dist. Justice Court*, *supra*, which construed the justice court rules that preceded the adoption of the Criminal Rules for Courts of Limited

---

[1]CrRLJ 3.3, at issue herein, provides:

**(h) Continuances.** Continuances or other delays may be granted as follows:

. . . .

(2) On motion of the prosecuting authority, the court or a party, the court may continue the case when required in the administration of justice and the defendant will not be substantially prejudiced in the presentation of his or her defense. The motion must be filed on or before the date set for trial or the last day of any continuance or extension granted pursuant to this rule. The court must state on the record or in writing the reasons for the continuance.

Periods of delay granted under CrRLJ 3.3(h) shall be excluded in computing the expiration of the speedy trial clock. CrRLJ 3.3(g)(3); *State v. Hall*, 55 Wn. App. 834, 840, 780 P.2d 1337 (1989).

Jurisdiction (CrRLJ), held that it was not an abuse of discretion to grant a continuance due to the vacation of an arresting officer. *Rushmore*, 15 Wn. App. at 677. This holding was explained in *State ex rel. Nugent v. Lewis*, 93 Wn.2d 80, 83-84, 605 P.2d 1265 (1980), which distinguished the situation in which the prosecution's chief witness was on vacation from that in which the chief witness for the prosecution had simply failed to appear. When the latter circumstance was present, dismissal was granted. *Lewis*, 93 Wn.2d at 84.

Similarly, this court recently held in *State v. Kelley*, 64 Wn. App. 755, 767, 828 P.2d 1106 (1992), that the planned vacation of a deputy prosecutor may properly justify a 5-day extension under CrR 3.3(d)(8).[2]

Grilley relies on *State v. Kokot, supra*, which indicated in dicta that the absence of the State's key witness due to a prearranged hunting trip "need not be taken into account when considering the granting or denial of a continuance." *Kokot*, 42 Wn. App. at 737. *Kokot* does not *foreclose* the discretion of a trial court to consider a scheduled vacation of the State's key witness when ruling on a continuance.

The right to a speedy trial is a significant right. However, if conflicts with previously scheduled vacations of investigating officers could never be considered as a proper basis for a relatively brief continuance beyond the speedy trial period, we doubt that some officer witnesses would ever be able to take vacations. Here, the State promptly moved for a continuance when it discovered the conflict, well within the speedy trial period. There is no indication in the record that the State failed to exercise appropriate case management responsibility, either in the original trial setting or in the timeliness of its motion for continuance. The rescheduled trial date did not cause an unreasonable delay, and no actual prejudice resulted.

---

[2]The trial date in *Kelley* had been set originally so as to avoid such a conflict. Unavoidable delays had resulted in a conflict, so no question of lax case management existed.

Thus, the District Court did not abuse its discretion in granting a continuance where the investigating officers were unavailable due to their scheduled vacations.

We therefore reverse the Superior Court and reinstate the conviction.

GROSSE, C.J., and COLEMAN, J., concur.