[No. 17684-3-III.   Division Three.   August 24, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN CORBETT SELAM, *Appellant*.

*Hugh M. Spall, Jr.*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Lauri M. Boyd* and *Kenneth L. Ramm, Jr., Deputies*, for respondent.

SCHULTHEIS, C.J. — John Selam's jury trial was continued one day beyond his speedy trial period due to the defense counsel's vacation. Mr. Selam was convicted of third degree assault and now appeals, contending the defense counsel's vacation plans do not constitute adequate grounds for a continuance. We affirm.

Mr. Selam was out of jail on a funeral furlough when a police officer saw him urinating in front of a convenience store. The officer arrested him for disorderly conduct and escorted him to jail, where Mr. Selam refused to cooperate and eventually shoved, then punched, the arresting officer.

Arraignment on one count of third degree assault was timely held on March 26, 1998. Mr. Selam remained in jail, and from May 14 to around June 5 he was committed to Eastern State Hospital for an evaluation of his competency. At the status conference on June 9, 1998, the court entered an order finding Mr. Selam competent. The State then requested a trial date of June 22. Seventy-five days had elapsed since arraignment, 27 of which were excluded as proceedings related to the determination of competency. CrR 3.3(g)(1). Only 12 days remained to schedule trial. CrR 3.3(c)(1). Because the twelfth day fell on a Sunday, the court set trial for Monday, June 22, the last day of the 60-day speedy trial period.

The day after the status hearing, Mr. Selam's counsel asked the court to continue the trial date one day, from June 22 to June 23. Mr. Selam objected to the continuance and refused to waive his speedy trial rights. The court continued the case to June 23, citing the defense counsel's unavailability as the "only reason" for the continuance. Mr. Selam moved for dismissal on the day of trial. In denying the motion, the trial judge found that the one-day continuance was required in the administration of justice and that Mr. Selam was not prejudiced in the presentation of his defense. Trial proceeded as scheduled, concluding with Mr. Selam's conviction.

■ The only issue on appeal is whether the defense counsel's vacation plans may constitute adequate grounds under CrR 3.3 for a continuance beyond the speedy trial period. CrR 3.3(c)(1) provides that a defendant who is not released from jail must be brought to trial no later than 60 days after the date of arraignment. If a criminal charge is not brought within the speedy trial period, CrR 3.3(i) requires dismissal of the charge with prejudice. The trial

court is granted discretion under CrR 3.3, however, to set a trial date beyond the speedy trial period either by extensions or continuances. A five-day extension pursuant to CrR 3.3(d)(8) may be appropriate when unavoidable or unforeseen circumstances beyond the control of the court or the parties make extension of the speedy trial period necessary. A continuance pursuant to CrR 3.3(h)(2) tolls computation of the speedy trial period "when required in the administration of justice[.]" While a CrR 3.3(d)(8) extension is often sought after the speedy trial period has already run, a motion for a CrR 3.3(h)(2) continuance must be filed on or before trial (or the last day of any previous continuance or extension) and the court must state on the record or in writing why the continuance has been granted. In either case, the court must also find that the defendant is not substantially prejudiced by the delay. CrR 3.3(d)(8), 3.3(h)(2). We review extensions or continuances for abuse of discretion. *State v. Terrovona*, 105 Wn.2d 632, 651, 716 P.2d 295 (1986); *State v. Silva*, 72 Wn. App. 80, 83, 863 P.2d 597 (1993).

■ In this case the parties agree that the sixtieth day of Mr. Selam's speedy trial period fell on Sunday, June 21, and was properly considered to run through Monday, June 22. The motion to continue filed June 9—the date of the status hearing—cites the following reasons for continuing the trial: "Original trial date was struck due to defense request for mental evaluation. [P]rosecutor is not available until 6-22-98 due to birth of a child. Defense attorney is not available on 6-22-98 but is available on 6-23." Both parties mistakenly assume the trial court granted the one-day delay beyond the speedy trial period as an extension based on unavoidable and unforeseen circumstances under CrR 3.3(d)(8). The record shows, however, that the court granted continuances, not extensions. In the "Motion and Order for Continuance," the court indicates that the parties agreed to one continuance under CrR 3.3(h)(1) (presumably the continuance based on the prosecutor's unavailability) and that a further continuance "is required in the

administration of justice and the defendant will not be substantially prejudiced[.]" This language indicates that the one-day delay from June 22 to June 23 was a CrR 3.3(h)(2) continuance.

No reported Washington cases review CrR 3.3(h)(2) continuances based on the vacation plans of the defense counsel. Such continuances have been granted due to the scheduled vacations of investigating officers. *See, e.g., State v. Grilley*, 67 Wn. App. 795, 799, 840 P.2d 903 (1992). As *Grilley* notes, "if conflicts with previously scheduled vacations of investigating officers could never be considered as a proper basis for a relatively brief continuance beyond the speedy trial period, we doubt that some officer witnesses would ever be able to take vacations." *Id.* A deputy prosecutor's "reasonably planned vacation" may also be an unavoidable circumstance justifying a CrR 3.3(d)(8) extension. *State v. Kelley*, 64 Wn. App. 755, 767, 828 P.2d 1106 (1992). "To construe CrR 3.3 otherwise," declares *Kelley*, "would be to deprive deputy prosecutors of the dignity they deserve, and would result eventually in less effective justice as well as in unfairness in the administration of justice." *Id.*

As Mr. Selam notes, *Kelley* further holds that the State has a responsibility to attempt to reassign a criminal case to the next available deputy prosecutor. Substitution of defense counsel is not controlled by the State, however, and involves considerations of counsel adequacy addressed only after the defendant properly moves the court. *See, e.g., State v. DeWeese*, 117 Wn.2d 369, 375-76, 816 P.2d 1 (1991). Mr. Selam never indicated he desired different representation.

Defense attorneys are entitled to at least the same degree of dignity as deputy prosecutors. More important, Mr. Selam does not show that he was prejudiced in any manner by the one-day delay. Accordingly, we cannot say the trial court abused its discretion in granting a brief continuance while the defense counsel was on vacation.

Affirmed.

144

SWEENEY and KURTZ, JJ., concur.

Review denied at 140 Wn.2d 1013 (2000).