## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32151-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RANDY MICHAEL ANDERSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — In 2012, a Thurston County jury found Randy Anderson guilty of one count of felony violation of a domestic violence no contact order. On appeal, Mr. Anderson argues that his trial date violated CrR 3.3 and that his offender score is erroneous. We affirm the conviction, but remand for resentencing.

### FACTS

A court order prevented Mr. Anderson from having any contact with his mother. On March 25, 2012, Mr. Anderson went to his mother's home and requested to speak with her. His mother's caretaker called the police. Officers arrested Mr. Anderson. He was charged with one count of felony violation of a post-conviction domestic violence no contact order. Mr. Anderson was maintained in custody throughout these proceedings.

The case initially went to trial on June 7, 2012, but a mistrial was declared the following day. The parties agreed at that time to a new trial start date during the week of July 30. On July 9, the State asked for a continuance because the deputy prosecutor had not realized until recently that the new trial date conflicted with her prescheduled vacation. Defense counsel opposed the continuance. The court granted the motion and rescheduled the trial start date to the week of August 13.

On July 19, the deputy prosecutor sought another continuance because the lead investigator was not available during the week that trial was scheduled to start. Defense counsel again opposed the motion. The court granted the motion and reset the trial start date to the week of September 4.

On July 24, Mr. Anderson filed a pro se motion to exercise his 60 day speedy trial rights under CrR 3.3. On August 14, defense counsel filed a motion to dismiss for violation of CrR 3.3. The court denied the motion, stating that it would not second guess the earlier continuance rulings and noting that the defense had failed to file a written objection and motion within 10 days of the original ruling as required by CrR 3.3(d)(3).

Following a second trial that began September 4, the jury found Mr. Anderson guilty as charged. At sentencing, the prosecutor proved Mr. Anderson's prior criminal history for offender score purposes through a mix of certified and noncertified documents. The prosecutor provided certified copies of Mr. Anderson's six prior felony

convictions from Washington. Those documents showed that five of the prior offenses had the same offense date and same sentencing date in June 2008. The prosecutor also provided noncertified copies of several government documents establishing that Mr. Anderson had been convicted of a felony drug-related offense in California. Based on this criminal history, the court determined that Mr. Anderson had an offender score of seven and ordered a standard range sentence. Mr. Anderson appealed.

## ANALYSIS

Mr. Anderson raises three issues on appeal. First, he contends that his retrial occurred outside the limits set by CrR 3.3. Second, he argues that the sentencing court erred by relying on the noncertified documents to prove his prior California conviction. Third, he argues that the sentencing court erred by refusing to determine whether his five felony convictions from June 2008 constituted the same criminal conduct for offender score purposes. We affirm on the first two issues, but remand for resentencing on the third issue.[1]

*Time for Trial*

Review of Mr. Anderson's first argument is barred by his failure to preserve the issue for review. A party that objects to a continuance under CrR 3.3(f) "must, within 10 days after the notice is mailed or otherwise given, move that the court set a trial within

---

[1] Mr. Anderson has also filed a pro se statement of addition grounds. We find his three claims without merit and will not discuss them further.

those time limits." CrR 3.3(d)(3). "A party who fails, for any reason, to make such a motion shall lose the right to object that a trial commenced on such a date is not within the time limits prescribed by this rule." *Id.*; *Accord State v. Farnsworth*, 133 Wn. App. 1, 12-13, 130 P.3d 389 (2006); *State v. Bobenhouse*, 143 Wn. App. 315, 322, 177 P.3d 209 (2008), *aff'd*, 166 Wn.2d 881, 214 P.3d 907 (2009). Because Mr. Anderson failed to move the court for a trial within the original time limits, he waived any objection to the new trial date.

The timeliness argument also was without merit. The decision to grant a continuance is reviewed for abuse of discretion. *State v. Selam*, 97 Wn. App. 140, 142, 982 P.2d 679 (1999). Attorney or police officer vacations have long been recognized as valid reasons for continuing a case. *Id.* at 143 (citing cases). The effect of a continuance is to extend the time for trial by excluding the period of the continuance from the time to bring the case to trial. CrR 3.3(e)(3). Thus, under well-settled precedent, the trial court did not abuse its discretion in granting either continuance.

*Proof of Prior Convictions*

Mr. Anderson's second argument is that the trial court should not have accepted noncertified documents from the State in establishing his prior felony conviction in California. We review this challenge to Mr. Anderson's offender score de novo. *State v. Bergstrom*, 162 Wn.2d 87, 92, 169 P.3d 816 (2007).

4

At sentencing, the State bears the burden of establishing the defendant's criminal history for offender score calculations. *State v. Ford*, 137 Wn.2d 472, 480, 973 P.2d 452 (1999). "[U]se of a prior conviction as a basis for sentencing under the SRA is constitutionally permissible if the State proves the existence of the prior conviction by a preponderance of the evidence." *Id.* at 479-80. "Absent a sufficient record, the sentencing court is without the necessary evidence to reach a proper decision, and it is impossible to determine whether the convictions are properly included in the offender score." *Id.* at 480-81.

Here, the prosecutor met this burden by providing numerous documents from the state of California showing that Mr. Anderson had a prior felony drug conviction. Citing to *Ford*, Mr. Anderson argues that the State needed to provide certified copies of these documents. *Ford* did state that a certified copy of a prior judgment is "[t]he best evidence of a prior conviction." *Id.* at 480. However, *Ford* did not state that a certified copy was mandatory in all cases. To the contrary, *Ford* also stated that "the State may introduce other comparable documents of record or transcripts of prior proceedings to establish criminal history." *Id.*

Mr. Anderson contends that the Supreme Court later modified the holding in *Ford* to make a certified copy mandatory. The Supreme Court appeared to do so in *State v. Lopez*, 147 Wn.2d 515, 519, 55 P.3d 609 (2002). However, the Supreme Court later abrogated this part of *Lopez*. *In re Pers. Restraint of Adolph*, 170 Wn.2d 556, 243 P.3d

540 (2010) (holding that a noncertified driving record abstract, when combined with a criminal history printout, was sufficient to prove the existence of a prior DUI conviction). In *Adolph*, the Supreme Court explicitly held that "the *Lopez* language . . . is, in fact, the product of a misapplication of the so-called best evidence rule." *Id.* at 567. The Supreme Court then went on to hold that *Ford* remains the rule with regard to proving a prior conviction at sentencing. *Id.* at 568-69. Because the official documents submitted by the State carried the necessary minimum indicia of reliability when put together, we conclude that the State carried its burden of proving Mr. Anderson's prior conviction from California.

### *Scoring of Prior Convictions*

Mr. Anderson's third argument is that the sentencing court erred when it refused to determine whether his June 2008 convictions constituted same criminal conduct for offender score purposes. RCW 9.94A.525(5)(a)(i) requires sentencing courts to determine whether the defendant's prior concurrent sentences should be treated as the same criminal conduct when calculating his current offender score. The court did not do so despite the defense request. Accordingly, we must vacate the judgment and sentence and remand for resentencing.

Mr. Anderson also argues that upon remand, the State should be held to the record as it existed below and not have the opportunity to provide evidence that his prior convictions should not be counted as the same criminal conduct. We disagree. The State

No. 32151-7-III
*State v. Anderson*

only bears the burden of establishing the existence of the prior convictions. The defendant bears the burden of proving that prior crimes should be counted as the same criminal conduct. *State v. Graciano*, 176 Wn.2d 531, 539, 295 P.3d 219 (2013). Thus, on remand Mr. Anderson has the burden of establishing that the five offenses constituted the same criminal conduct.

Affirmed in part, reversed in part, and remanded for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Siddoway, C.J.

Fearing, J.

7