IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31480-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JARROD VEILLEUX, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Jarrod Veilleux appeals his conviction for unlawful possession of a firearm, arguing that he was denied a timely trial and that the court should have given a mitigated exceptional sentence. We affirm.

## FACTS

Mr. Veilleux, who was on parole from the state of Montana, visited a tavern in Spokane Valley with a friend, Terrance Riley, on February 24, 2012. Mr. Veilleux, who was not allowed to possess any guns, carried a gun in his waistband. An altercation later developed and Mr. Veilleux shot Aaron Haymond.

Charges of attempted first degree murder, first degree assault, and first degree unlawful possession of a firearm were filed against Mr. Veilleux, while Mr. Riley was charged with first degree rendering criminal assistance. An arrest warrant was issued for

Mr. Veilleux on April 9, 2012. The warrant noted that Mr. Veilleux was in prison in Montana.

Mr. Veilleux was returned to Spokane County and arraigned on July 12, 2012. His trial date was initially set for September 4, 2012, but was re-set to September 10, at a pre-trial hearing. Riley's counsel moved to continue the trial as he was in trial on another case before Judge Eitzen, who ultimately was assigned to the Veilleux and Riley trial. Veilleux's counsel objected, arguing that her expert witness could appear less expensively in September before the college school year started up. She requested that the court sever the cases and retain the September 10, trial date. The prosecutor argued against severance, noting that he had 24 witnesses who would then be subjected to two trials instead of one and that the pre-school discount for one witness paled in comparison to the additional costs to the court and prosecutor. The court denied severance and set the joint trials for October 8.

Mr. Veilleux's counsel sought to continue trial from October 8 to October 10, but a State's witness had a vacation schedule conflict starting October 12, so the court found good cause to continue the case and re-scheduled trial for November 5. The defense expert had a conflict with the new trial date and Mr. Veilleux's counsel sought an additional continuance. The court found good cause to continue the case and set trial for November 26. The prosecutor learned that a witness would be unavailable for that date

and sought a continuance to January 7, 2013. The court again found good cause for the continuance and granted the extension over defense objection.

Jury trial began January 7. The defense conceded the unlawful possession charge, but raised self-defense and lawful use of force defenses to the remaining counts. The jury subsequently acquitted Mr. Veilleux on the attempted murder and assault charges, but convicted him on the unlawful possession charge. Mr. Riley also was acquitted.

The trial court imposed a top-end sentence of 116-months on the unlawful possession conviction despite a defense request for an exceptional sentence below the standard range, and declined to reduce the sentence after hearing a defense motion for reconsideration. The court reasoned that Mr. Veilleux had violated his parole by leaving Montana, going to a bar, and possessing the gun. Mr. Veilleux then timely appealed to this court.

## ANALYSIS

Mr. Veilleux argues that the trial continuances violated his right to a timely trial under CrR 3.3 and his constitutional right to a speedy trial. He also contends that the court erred in not granting him a mitigated sentence. We will address those contentions in the order stated.

No. 31480-4-III
*State v. Veilleux*

*CrR 3.3*

Mr. Veilleux argues initially that his time for trial rights were violated by the continuances of the initial trial date rather than severing the defendants. As the trial court properly found good cause to grant the continuances, this argument is without merit.

CrR 3.3 requires trial within 60 days of arraignment for defendants who are detained on the current charges, while requiring trial within 90 days for all others, including those held in custody on unrelated matters. CrR 3.3(a)(3)(v); CrR 3.3(b)(1), (2). When a trial is continued in accordance with CrR 3.3(f)(2), the effect of the continuance is to exclude the period of the continuance from the time for trial period. CrR 3.3(e)(3).[1] The decision to grant or deny a continuance is reviewed for abuse of discretion. *State v. Ollivier*, 178 Wn.2d 813, 822-23, 312 P.3d 1 (2013). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Mr. Veilleux primarily argues that the trial court erred in continuing the cases from the September 10 trial date to October 8 in order to keep the two defendants joined. As Mr. Veilleux was in custody in Montana, the 90 day time for trial period applied to his case. CrR 3.3(a)(3)(v). Since he had been arraigned on July 12, trial was required to be held by October 10, 2012. Thus, even if the court had erred in granting severance and

---

[1] When there is an excluded period, the time for trial does not expire until 30 days after the end of the excluded period. CrR 3.3(b)(5). This is colloquially known as a "buffer" period.

4

continuing the trial from the September 10th date, there was no violation of the rule because the new October 8th trial date was still set within the original 90-day period. Mr. Veilleux's argument is of no consequence.[2]

His real complaint is with the ensuing continuances, although he quite understandably does not take issue with them, particularly since two of them were at defense request.[3] Continuances in order to obtain a witness for trial or to accommodate a witness or attorney's vacation are long recognized as valid under CrR 3.3. *E.g.,* *Torres,* 111 Wn. App. at 331; *State v. Selam,* 97 Wn. App. 140, 143, 982 P.2d 679 (1999); *State v. Grilley,* 67 Wn. App. 795, 799, 840 P.2d 903 (1992). Since each of the continuances beyond the original trial date were for the valid purpose of obtaining or accommodating witness schedules, there was no abuse of discretion.

Mr. Veilleux received a timely trial under CrR 3.3.

*Constitutional Speedy Trial*

Mr. Veilleux also contends that his constitutionally guaranteed right to a speedy trial was also violated. Since he was tried within six months of his arraignment, he has failed to articulate a constitutional speedy trial claim.

---

[2] Joinder of defendants and maintaining joinder of defendants are valid bases for continuing a case. *State v. Torres,* 111 Wn. App. 323, 332, 44 P.3d 903 (2002). Thus, the court did not err in granting the continuance and denying severance.

[3] The continuance rule concludes with this observation: "The bringing of such motion by or on behalf of any party waives that party's objection to the requested delay." CrR 3.3(f)(2) (final sentence).

Both the Sixth Amendment and article I, section 22 of the Washington Constitution provide a right to a speedy trial. The rights provided by the two constitutions are equivalent. *State v. Iniguez*, 167 Wn.2d 273, 290, 217 P.3d 768 (2009). We review de novo an allegation that these rights have been violated. *Id.* at 280. Because some delay is both necessary and inevitable, the appellant bears the burden of demonstrating that the delay between the initial accusation and the trial was unreasonable and created a "presumptively prejudicial" delay. *Id.* at 283. Once this showing is made, courts must consider several nonexclusive factors in order to determine whether the appellant's constitutional speedy trial rights were violated. *Id.* These factors include the length and reason for the delay, whether the defendant has asserted his right, and the ways in which the delay caused prejudice. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). None of the *Barker* factors are either sufficient or necessary to demonstrate a constitutional violation. *Iniguez*, 167 Wn.2d at 283.

A delay of less than 8 to 12 months will seldom even present a constitutional question. *Id.* at 291-93. The more limited delay at issue here is not enough to raise a claim of presumptive prejudice and there is no need to even conduct an analysis of the other factors. *Id.* at 282-83. Our Supreme Court has expressly rejected any formulaic presumption that leads to a threshold showing of presumptive prejudice; rather, it has stated that this inquiry is necessarily dependent upon the specific circumstances of each case. *Id.* at 283. Several factors to be considered in this initial inquiry include not only

the length of the delay, but the complexity of the charges and reliance on eyewitness testimony. *Id.* at 292.

Those factors suggest a much lengthier delay in this case would have been justified under the constitutions. The State listed 24 witnesses, and the defense would need to interview many of those people. The defense also had its own witnesses, including an important expert, and had to develop its self-defense case. As the charges included attempted first degree murder, this was not a simple case to prepare. It is impressive that the parties were able to bring the matter to a jury as rapidly as they did.

Mr. Veilleux has not established that there was a significantly long delay to justify an inquiry into the constitutional speedy trial rights. Accordingly, there was no violation of either constitutional speedy trial guarantee.

*Sentencing*

Lastly, both appellate counsel and Mr. Veilleux, in his Statement of Additional Grounds (SAG), claim that the court erred in not granting him a mitigated sentence.[4] Appellant presents no reviewable issue for our consideration.

The general rule is that a standard range sentence cannot be appealed. RCW 9.94A.585(1). Accordingly, when the trial court declines to impose an exceptional

---

[4] The SAG also raises a claim, without adequate supporting argument, that the officers improperly communicated with each other during trial. The claim presents no basis for relief. We also note that since he was acquitted on the other counts and admitted his guilt on the unlawful possession charge, he could not possibly have been prejudiced by any trial errors.

sentence, the only available method of attacking that decision is to establish that the trial court failed to do something it was required to do at sentencing. *State v. Mail*, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993). A defendant may also challenge the trial court's usage of an impermissible basis for refusing an exceptional sentence. *State v. Garcia-Martinez*, 88 Wn. App. 322, 329-30, 944 P.2d 1104 (1997).

Here, Mr. Veilleux has not identified any required procedures that the sentencing judge failed to follow. She considered, and ultimately rejected, his request for a mitigated sentence. She similarly considered, and again rejected, his request that she reconsider the sentence. He simply presented insufficient grounds for an exceptional sentence.

Mr. Veilleux has not presented any basis for challenging the standard range sentence imposed in this case. This argument, too, is without merit.

The conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____     _____
Brown, J.                                                    Siddoway, C.J.

8