# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69335-2-I |
| Respondent, | ) | |
| | ) | |
| v. | ) | DIVISION ONE |
| | ) | |
| DERRICK HILLS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 28, 2013 |
| | ) | |

PER CURIAM — Derrick Hills appeals his conviction and sentence for possession of cocaine. He contends, and the State concedes, that the court erred in imposing a substance abuse evaluation and treatment as a community custody condition without first finding that he has a chemical dependency as required by RCW 9.94A.607(1).[1] We accept the concession and remand for the court to strike the condition unless it determines "that it can presently and lawfully

---

[1] State v. Warnock, 174 Wn. App. 608, 299 P.3d 1173 (2013) (chemical dependency finding is a statutory prerequisite to ordering chemical dependency evaluation and treatment); cf State v. Jones, 118 Wn. App. 199, 209-10, 76 P.3d 258 (2003) (failure to make statutorily required finding before ordering mental health treatment and counseling was reversible error even though record contained substantial evidence supporting such a finding).

comply" with the statutory requirement for a finding that Hills has a chemical dependency that contributed to his offense.[2]

Because there is no evidence that alcohol contributed to Hills' offense, we also accept the State's concession that the court erred in imposing a community custody condition requiring Hills to refrain from possessing alcohol.[3] This condition must be stricken.

The State also concedes, and we concur, that the judgment and sentence contains a scrivener's error in that section 4.7(a) (imposing community custody for crimes committed before 7-1-2000) is checked instead of section 4.7(c) (imposing community custody for crimes committed after 6-30-2000), which is applicable here. The judgment and sentence must be corrected on remand.

Hills raises several additional claims in a pro se statement of additional grounds for review. He contends the police unlawfully seized him because, while they testified they smelled marijuana, they did not charge him with possessing marijuana. But how police ultimately charged Hills is immaterial to whether police had the articulable suspicion of criminal activity necessary for a lawful seizure.[4] The trial court's unchallenged findings establish that the officers

---

[2] See Jones, 118 Wn. App. at 212 n.33.

[3] RCW 9.94A.505(8),.703(3)(f); RCW 9.94B.050(5)(e); State v. McKee, 141 Wn. App. 22, 34, 167 P.3d 575 (2007) (condition prohibiting purchase and possession of alcohol was invalid when alcohol did not play a role in the crime).

[4] Terry v. Ohio, 392 U.S. 1, 21, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); State v. Kennedy, 107 Wn.2d 1, 6, 726 P.2d 445 (1986).

smelled "a strong odor" of marijuana coming directly from Hills before they seized him. The odor of marijuana provided an articulable suspicion of criminal activity.

To the extent Hills contends there was no basis for the subsequent search, the court's unchallenged findings establish that the officers' pat down and subsequent search of Hills' person were justified by safety concerns and the authority to conduct a search incident to arrest.[5]

Hills contends the officers violated his Fifth Amendment rights because they did not give him Miranda[6] warnings before asking him about the marijuana odor. But the court's unchallenged findings and conclusions establish that Hills was not in custody when the officers asked him about the odor. Accordingly, Miranda warnings were not required.[7]

Last, Hills contends the court violated his right to a speedy trial when, over objection, it granted a two and a half week continuance to August 8, 2012, due to the police witnesses' prescheduled vacations. One officer was on his honeymoon and the other was out of the office until August 7, 2012. The court continued the trial until August 8, 2012. There was no violation of Hills' right to a

---

[5] State v. Collins, 121 Wn.2d 168, 173, 847 P.2d 919 (1993) (protective frisk); State v. Bonds, 174 Wn. App. 553, 569, 299 P.3d 663 (2013) (search incident to arrest).

[6] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[7] "Miranda warnings are required when an interrogation or interview is (a) custodial (b) interrogation (c) by a state agent." State v. Lorenz, 152 Wn.2d 22, 36, 93 P.3d 133 (2004).

No. 69335-2-I/4

speedy trial. A preplanned vacation and the unavailability of witnesses constitute valid grounds to continue a trial date under CrR 3.3(f)(2).[8]

Affirmed in part and remanded for proceedings consistent with this opinion.

FOR THE COURT:

_____

_____

_____

---

[8] See, e.g., State v. Grilley, 67 Wn. App. 795, 799, 840 P.2d 903 (1992); State v. Nguyen, 68 Wn. App. 906, 914, 847 P.2d 936 (1993; see also State v. Brown, 40 Wn. App. 91, 94-95, 697 P.2d 583 (1985); State v. Day, 51 Wn. App. 544, 548-50, 754 P.2d 1021 (1988).

4