# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71856-8-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| ADRIAN SASSEN VANELSLOO, | ) | |
| Appellant | ) | FILED: November 16, 2015 |

TRICKEY, J. — Adrian Sassen Vanelsloo appeals his judgment and sentence, claiming that the trial court erred when it denied his motion to substitute counsel. The court denied the motion because it had already granted numerous defense continuances and the defendant's new counsel would need additional time to prepare. We find no error and affirm the convictions. However, because the court erred when it imposed community custody conditions and discretionary legal financial obligations, we remand to strike the community custody conditions and to evaluate Sassen Vanelsloo's ability to pay legal financial obligations.

## FACTS

Adrian Sassen Vanelsloo was involved in a car chase with police on December 11, 2012. The chase ended when an officer maneuvered Sassen Vanelsloo's car into a ditch. Sassen Vanelsloo surrendered after a two and a half hour standoff. The State charged him with attempting to elude a pursuing police vehicle, with both firearm and actual endangerment allegations, two counts of unlawful possession of a firearm in the first degree, and driving while license suspended in the second degree.

Sassen Vanelsloo was arraigned on December 21, 2012. The trial court

appointed counsel for him. The court initially set his trial for February 11, 2013. Over the course of the next year, the court granted seven continuances.

On February 4, 2014, defense counsel brought two motions. She moved to withdraw and substitute counsel and sought an eighth continuance based on newly discovered evidence. Sassen Vanelsloo's newly-retained counsel requested a two-week continuance to evaluate the case, plus a hearing at the end of those two weeks to determine if she needed additional time. The court denied the motion to substitute counsel but granted the motion for a continuance. The court agreed that Sassen Vanelsloo's new counsel could substitute in if she were prepared by the new trial date, March 3, 2014. Before the trial, his new counsel informed appointed counsel that she would not be substituting in because she was not ready. Sassen Vanelsloo's appointed counsel represented him at trial.

Trial began on March 3, 2014. The jury convicted Sassen Vanelsloo on all counts. Thereafter, the court sentenced him to 115 months confinement. His sentence included community custody conditions for the attempting to elude a pursuing police vehicle and both firearm possession counts. The court imposed several discretionary legal financial obligations. Sassen Vanelsloo appeals.

ANALYSIS

Counsel of Choice

Sassen Vanelsloo argues that the court abused its discretion when it denied his request to substitute counsel. He contends that this denial was a violation of his Sixth Amendment right to counsel of choice. We disagree.

The Sixth Amendment guarantees criminal defendants the right to counsel.

U.S. Const. amend. VI. For a defendant who can afford to hire private counsel, that right includes the right to choose a qualified attorney to represent him. State v. Hampton, 182 Wn. App. 805, 817-18, 332 P.3d 1020 (2014), review granted, 182 Wn.2d 1002, 342 P.3d 327 (2015). But, this right does not mean that a defendant may "unduly delay the proceedings." State v. Aguirre, 168 Wn.2d 350, 365, 229 P.3d 669 (2010). Therefore, when a defendant requests a continuance in order to substitute counsel, the court must balance "the defendant's right to choose his counsel against the public's interest in the prompt and efficient administration of justice." Aguirre, 168 Wn.2d at 365.

Until recently, Washington courts considered four factors when making this determination:

> (1) whether the court had granted previous continuances at the defendant's request; (2) whether the defendant had some legitimate cause for dissatisfaction with counsel, even though it fell short of likely incompetent representation; (3) whether available counsel is prepared to go to trial; and (4) whether the denial of the motion is likely to result in identifiable prejudice to the defendant's case of a material or substantial nature.

State v. Price, 126 Wn. App. 617, 632, 109 P.3d 27 (2005). However, a recent opinion from this court held that United States Supreme Court precedent "precludes application of [the second and fourth] factors." Hampton, 182 Wn. App. at 824; see United States v. Gonzalez-Lopez, 548 U.S. 140, 146, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006). Therefore, a court should only consider the first and third factors.

We review the denial of a continuance for an abuse of discretion. Hampton, 182 Wn. App. at 827.

Here, the trial court did not abuse its discretion. Both remaining <u>Price</u> factors way against granting Sassen Vanelsloo's motion.

First, the court granted seven continuances, resulting in a one-year delay, before Sassen Vanelsloo attempted to substitute counsel. Five of those continuances were sought by the defense alone. When granting the defense's second continuance in late June 2013, the court "note[d] that all of these [were] 2012 cases, so it would be good to get them to trial."[1] The court expressed a similar concern when deciding whether to grant Sassen Vanelsloo's request to substitute counsel. That the court already granted five continuances at the request of defense counsel supports the trial court's decision to deny Sassen Vanelsloo's motion to substitute counsel.

Sassen Vanelsloo argues that the trial court did not "hold the previous continuances against Sassen Vanelsloo," because he had objected to some of them.[2] To the extent that Sassen Vanelsloo is arguing that the trial court did not rely on this factor when it denied Sassen Vanelsloo's motion to substitute counsel, we disagree. Although the court commented that many of the defenses were not "Mr. Sassen Van-Elsloo's [sic] making or his fault," it noted that the delay in the case had not "been one-sided and only the State asking for continuances."[3]

Second, Sassen Vanelsloo's newly-retained counsel was not prepared to proceed without a continuance. She requested a two-week continuance and a hearing at the end of that period to determine whether she could "prepare

---

[1] Report of Proceedings (RP) (Jun. 27, 2013) at 15.
[2] Appellant's Br. at 17.
[3] RP (Feb. 4, 2104) at 32.

4

adequately on the Court's timeframe to represent Mr. Sassen [Vanelsloo]."[4] The court expressed concern that allowing the substitution of counsel would mean another significant delay. For unrelated reasons, the court continued the trial until March 3, 2014. The court agreed to permit Sassen Vanelsloo's substitution of counsel at that time, provided the new counsel was adequately prepared. She was not. The unpreparedness of the newly-retained counsel also supports the court's decision to deny Sassen Vanelsloo's motion to substitute counsel.

In conclusion, given the number of defense continuances already granted, it was a proper exercise of the court's discretion to deny Sassen Vanelsloo an open-ended continuance in order to allow his new attorney to prepare.

Sassen Vanelsloo argues that allowing his new attorney sufficient time to prepare "would not have made any meaningful difference in the scheme of things."[5] Specifically, he argues that the long delay weighs in favor of another continuance, because justice has already been delayed. This is not persuasive. The court expressed concern about the long delay months before Sassen Vanelsloo's request to substitute counsel. It was appropriate for the court to consider "the demands of its calendar." Hampton, 182 Wn. App. at 826.

Finally, Sassen Vanelsloo argues that the court's refusal to grant a continuance denied him a "fair opportunity" to retain chosen counsel.[6] But, as the court noted, Sassen Vanelsloo did have "a lot of time to consider hiring private

---

[4] RP (Feb. 4, 2014) at 12.
[5] Appellant's Br. at 19.
[6] Appellant's Br. at 19 (quoting Powell v. Alabama, 287 U.S. 45, 53, 53 S. Ct. 55, 77 L. Ed. 158 (1932)).

counsel."[7] He waited over one year. Additionally, this is not a case, unlike in Hampton, where the charges increased dramatically right before trial. See 182 Wn. App. at 826-27. Here, the charges had been the same since January 2013.[8] Denying Sassen Vanelsloo's request for a continuance did not deprive him of a chance to hire his own counsel.

### Statement of Additional Grounds for Review

In his Statement of Additional Grounds for Review, Sassen Vanelsloo contends that the court abused its discretion when it granted a continuance to accommodate a State's witness but denied his motion for a continuance to substitute counsel. He also contends that these rulings demonstrated bias and violated the appearance of fairness doctrine.

We reject Sassen Vanelsloo's first argument for reasons already discussed. Sassen Vanelsloo's second argument is also without merit.

"Judicial rulings alone almost never constitute a valid showing of bias." In re Davis, 152 Wn.2d 647, 692, 101 P.3d 1 (2004). As discussed above, the court's denial of Sassen Vanelsloo's request to substitute counsel was a proper exercise of discretion. Additionally, it is a proper exercise of discretion for the court to grant a continuance to accommodate the scheduled vacation of a police officer witness. State v. Grilley, 67 Wn. App. 795, 799, 840 P.2d 903 (1992). Neither these rulings, nor the court's comment that it was "less sympathetic" to Sassen Vanelsloo's request to substitute counsel than to a request for a continuance on the basis of

---

[7] RP (Feb. 4, 2014) at 35.
[8] The State amended the information three times, but after adding a second count of unlawful possession of a firearm to the First Amended Information, the charges themselves did not change.

newly discovered evidence, show any bias.[9] "Without evidence of actual or potential bias, an appearance of fairness claim cannot succeed and is without merit." State v. Post, 118 Wn.2d 596, 619, 826 P.2d 172 (1992).

## Sentence

Finally, Sassen Vanelsloo raises two issues regarding his sentence. First, he argues that the court exceeded its authority by imposing community custody conditions for the counts of eluding a pursuing police vehicle and the firearm possessions. Second, he argues that the court improperly imposed discretionary legal financial obligations without inquiring into Sassen Vanelsloo's ability to pay. Sassen Vanelsloo asks that this court strike the community custody conditions and remand this case to the trial court for an individualized inquiry into his ability to pay legal financial obligations.

The State properly concedes that the community custody conditions were outside the scope of the trial court's authority. The court did not have the authority to impose community custody conditions for eluding a pursuing police vehicle or unlawful possession of a firearm. See RCW 9.94A.701; RCW 9.94A.441(2); former RCW 9.94A.030(45), (54)(a) (2012).

The State does not object to remanding this case for a reconsideration of Sassen Vanelsloo's ability to pay legal financial obligations. We agree that this is proper. Before imposing discretionary legal financial obligations, the trial court must make an individualized inquiry into a criminal defendant's ability to pay them. State v. Blazina, 182 Wn.2d 827, 838, 344 P.3d 680 (2015).

---

[9] RP (Feb. 4, 2014) at 35.

We affirm the judgment and sentence and remand for the trial court to strike the community custody conditions and to reconsider the imposition of discretionary legal financial obligations.

_Trickey, J_

WE CONCUR: